UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

Jeffrey Wayne Thibodeau,                         Civil No.: 13cv130 (JNE/SER)
*a/k/a Kellethyn Cayce McHerne, III,*

                     Plaintiff,

v.                                 **REPORT AND RECOMMENDATION**

MN DOC,
Tom Roy,
Joan Fabian,
Peterson,
Molly Rice,
Monty,
Greg Simon,
Connie Bush,
Stu VonWald,
Unknown Case Worker Moose Lake 2009,
Unknown Case Worker Moose Lake 2009 – 2010,
Unknown Case Worker Rush City 2009 – 2010,
Rice County Community Corrections,
Minnesota Department of Corrections,
Scott Halvorson, and
Unknown Agents of Rice County Comm. Corr.,

                     Defendants.

---

Plaintiff, a state prison inmate, filed a complaint seeking relief for alleged violations of his federal constitutional rights. (Docket No. 1.) The case was assigned to the undersigned for initial screening pursuant to 28 U.S.C. § 1915A, and for a Report and Recommendation pursuant to 28 U.S.C. § 636(b)(1) and Local Rule 72.1.[1] For the reasons discussed below, the Court finds

---

[1] Plaintiff did not tender the required filing fee with his complaint, but instead filed an application seeking leave to proceed *in forma pauperis*, ("IFP"). (Docket No. 2.) It appears from Plaintiff's IFP application that he may be unable to pay even the initial partial filing fee that prisoners are required to pay pursuant to 28 U.S.C. § 1915(b)(1). Thus, the Court finds, at least for now, that Petitioner has "no assets and no means by which to pay the initial partial filing fee," (28 U.S.C. § 1915(b)(4)), and that this matter should proceed directly to the initial screening

1

that Plaintiff's complaint fails to state a claim on which relief can be granted, and that this action should therefore be dismissed pursuant to § 1915A(b)(1).

## I. BACKGROUND

Plaintiff is an inmate at the Minnesota Correctional Facility at Lino Lakes, Minnesota. This case involves his attempt to sue more than a dozen state and county agencies and employees. The substantive allegations of Plaintiff's complaint, repeated verbatim and in their entirety, are as follows:

> DOC imposing ISR deprives me of my personal Liberties and Constitutes False Imprisonment, Conditions of Release (ISR) infringe upon Liberties and Freedom of speech.  Rice Co. deprived me of my liberty by refusing to supervise my release in 2009 and 2010.

(Complaint, [Docket No. 1], p. 3, § IV, "Statement of Claim.")

Based on these brief allegations, Plaintiff is seeking the following relief:

> "Order my release from DOC custody under conditions imposed during Release Pending Appeal until this matter is fully settled through 42 U.S.C. § 1983, appointment of counsel, and award judgement for damages."

(*Id.*, p. 3, § V., "Relief.")

## II. DISCUSSION

Plaintiff's status as a prisoner subjects his pleading to initial "screening" pursuant to 28 U.S.C. § 1915A.  That statute, which is part of the Prison Litigation Reform Act of 1995, ("the PLRA"), requires federal courts to screen the initial pleading in every civil action brought by a prisoner against governmental entities or employees "before docketing, if feasible or, in any event, as soon as practicable after docketing."  28 U.S.C. § 1915A(a).  The Court must determine which

---

process prescribed by § 1915A.

aspects of the pleading are actionable and should be allowed to proceed. If a prisoner's complaint fails to state an actionable claim for relief, it must be summarily dismissed. 28 U.S.C. § 1915A(b).

To state an actionable claim for relief, a plaintiff must allege a set of specific historical facts, that, if proven true, would entitle the plaintiff to some appropriate redress against the named defendant(s) under some cognizable legal theory. Although federal courts must "view pro se pleadings liberally, such pleadings may not be merely conclusory: the complaint must allege facts, which if true, state a claim as a matter of law." *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980).

A complaint fails to state a cause of action if it does not allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1950 (2009). Federal courts are not required to "assume facts that are not alleged, just because an additional factual allegation would have formed a stronger complaint." *Stone v. Harry*, 364 F.3d 912, 915 (8th Cir. 2004).

To bring an actionable civil rights claim, a plaintiff must allege a set of historical facts showing that the named defendants violated the plaintiff's federal constitutional rights while acting under color of law. *West v. Atkins*, 487 U.S. 42, 48 (1988). To establish a defendant's liability in a civil rights action "requires a causal link to, and direct responsibility for, the deprivation of rights" the Constitution protects. *Madewell v. Roberts*, 909 F.2d 1203, 1208 (8th Cir. 1990); *Speed v. Ramsey County*, 954 F.Supp. 1392, 1397 (D.Minn. 1997) (same). In other words, civil rights claimants must plead facts showing **each named defendant's personal**

**involvement** in alleged constitutional wrongdoing. *Ellis v. Norris*, 179 F.3d 1078, 1079 (8th Cir. 1999). *See also Beck v. LaFleur*, 257 F.3d 764, 766 (8th Cir. 2001) (upholding summary dismissal of civil rights claims, because plaintiff's complaint "failed to allege sufficient personal involvement by any of defendants to support such a claim").

Here, Plaintiff has not alleged any facts showing that any of the named Defendants violated his federal constitutional rights. In fact, the complaint does not describe any facts, or any specific acts or omissions by anyone. Plaintiff might have intended to allege that the individual named Defendants did something, (or failed to do something), that violated the federal Constitution, but the complaint does not include any such allegations. None of the named Defendants is even mentioned in any of the substantive allegations of the complaint.

In a civil rights action, the "plaintiff must plead that each Government-official defendant, **through the official's own individual actions**, has violated the Constitution." *Iqbal*, 129 S.Ct. at 1948, (emphasis added). The current complaint fails to meet this requirement. Plaintiff has not described anything that any named Defendant personally did, (or failed to do), on any specific occasion that allegedly violated his constitutional rights. Therefore, Plaintiff's complaint fails to state any actionable civil rights claim against any of the named Defendants.

## III. CONCLUSION

For the reasons cited above, the Court finds that Plaintiff failed to plead a cause of action on which relief can be granted. The Court will therefore recommend that this case be dismissed pursuant to 28 U.S.C. § 1915A(b), and that Plaintiff's application for leave to proceed IFP, (*see* n. 1, *supra*), be denied. See 28 U.S.C. § 1915(e)(2)(B)(ii). Notwithstanding the dismissal of this

4

action, Plaintiff shall remain liable for the unpaid balance of the $350 filing fee.[2] To date, Plaintiff has not paid any fee at all, so he still owes the full $350 fee. Prison officials will have to deduct that amount from Plaintiff's prison trust account and pay it to the Clerk of Court in the manner prescribed by 28 U.S.C. § 1915(b)(2). The Court also recommends that the dismissal of this action be counted as a "strike" against Plaintiff for purposes of 28 U.S.C. § 1915(g).

**IV. RECOMMENDATION**.

Based upon the above, and upon all the files, records, and proceedings herein,

**IT IS RECOMMENDED** that:

1. Plaintiff's application for leave to proceed *in forma pauperis*, (Docket No. 2), be **DENIED**;

2. This action be **DISMISSED** pursuant to 28 U.S.C. § 1915A(b)(1);

3. Plaintiff be required to pay the unpaid balance of the Court filing fee, namely the full $350, in accordance with 28 U.S.C. § 1915(b)(2); and

---

[2] Under the PLRA, prisoners may be excused from pre-paying the full amount of the applicable filing fee before filing an action. Nonetheless, 28 U.S.C. § 1915(b) clearly states that prisoners "shall be required to pay the full amount of the filing fee." In other words, prisoners are permitted to file actions without paying the full filing fee in advance, but they still remain liable for the fee. *Ashley v. Dilworth*, 147 F.3d 715, 716 (8th Cir. 1998) ("[t]he purpose of the [PLRA] was to require all prisoner-litigants to pay filing fees in full, with the only issue being whether the inmate pays the entire filing fee at the initiation of the proceeding or in installments over a period of time"). Nothing in the PLRA suggests that the dismissal of a prisoner's action would extinguish the ultimate obligation to pay the filing fee. *See In re Tyler*, 110 F.3d 528, 529-30 (8th Cir. 1997) ("the PLRA makes prisoners responsible for their filing fees the moment the prisoner brings a civil action or files an appeal").

4. The dismissal of this action be counted as a "strike" against Plaintiff for purposes of 28 U.S.C. § 1915(g).

Dated:   January 25, 2013                              *s/Steven E. Rau*
                                                       Steven E. Rau
                                                       U.S. Magistrate Judge

Under D. Minn. LR 72.2(b), any party may object to this Report and Recommendation by filing with the Clerk of Court, and serving all parties by **February 9, 2013** a writing which specifically identifies those portions of this Report to which objections are made and the basis of those objections.  Failure to comply with this procedure may operate as a forfeiture of the objecting party's right to seek review in the Court of Appeals.   A party may respond to the objecting party's brief within ten days after service thereof.  A judge shall make a de novo determination of those portions to which objection is made.  This Report and Recommendation does not constitute an order or judgment of the District Court, and it is therefore not appealable to the Court of Appeals.